UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20014-CIV-ALTONAGA/Damian

PAN OCEAN CO., LTD.,

    Plaintiff,
v.

WORLD FUEL SERVICES
(SINGAPORE) PTE, LTD.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, World Fuel Services (Singapore) PTE, LTD.'s Motion to Dismiss Complaint with Prejudice [ECF No. 21],[1] filed on May 16, 2023. Plaintiff, Pan Ocean Co., LTD, filed a Response [ECF No. 25]; to which Defendant filed a Reply [ECF No. 26]. The Court has carefully considered the Complaint [ECF No. 1], the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Plaintiff, a charterer of the maritime vessel African Wren (the "Vessel"), filed the Complaint stating one claim for breach of a maritime contract. (*See* Compl. ¶¶ 6–7, 19–24). Plaintiff chartered the Vessel from non-party MUR Shipping BV. (*See id.* ¶ 7). During the charter, Plaintiff contracted with Defendant for the provision of "Very Low Sulphur Fuel Oil" ("Bunkers"). (*Id.* ¶ 8). The Bunkers were to be provided for use by the Vessel in Singapore between July 8 and July 14, 2022. (*See id.*). Plaintiff attaches the parties' contract to its Complaint. (*See generally*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*id.*, Ex. 1, The World Fuel Services Marine Group of Companies General Terms and Conditions ("GT&C") [ECF No. 1-1].

Defendant supplied the Bunkers on July 5, 2022 (*see* Compl. ¶ 10), but the Bunkers "did not meet the contracted for specifications" (*id.* ¶ 30). Specifically, when the Bunkers were delivered, Plaintiff determined that they "did not conform to the contracted specification and had excessive water and sodium[.]" (*Id.* ¶ 14 (alteration added)). Non-party, BP Singapore Pte Limited, which physically supplied the Bunkers, "acknowledged that the fuel did not comply with the contracted specifications." (*Id.* ¶¶ 13, 15).

MUR "refused to consume or pay [Plaintiff] for the off-spec Bunkers" despite Plaintiff's efforts to persuade MUR to consume them. (*Id.* ¶¶ 18, 19 (alteration added)). On July 15, 2023, Plaintiff notified Defendant that the Bunkers were "off-spec[.]" (*Id.* ¶ 17 (alteration added)). MUR requested Plaintiff to "arrange for de-bunkering[,]" a request that Plaintiff made Defendant aware of. (*Id.* ¶ 20 (alteration added)). Nevertheless, Defendant "refused to remove and replace the off-spec Bunkers." (*Id.* ¶ 21).

MUR then "de-bunkered and sold the off-spec Bunkers," resulting in a loss of $407,023.60 to Plaintiff. (*Id.* ¶ 23). Plaintiff also claims it incurred $76,748.54 in "lost hire" and "expenses incurred during the de-bunkering operation" and $6,803.39 in "disbursements . . . for the purposes of de-bunkering." (*Id.* ¶ 33 (alteration added)). Plaintiff seeks to recover the damages that allegedly resulted from Defendant's failure to provide the Bunkers as specified. (*See generally id.*). Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Mot. 4).

CASE NO. 23-cv-20014-ALTONAGA/Damian

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

## III. DISCUSSION

The parties do not dispute that federal maritime law governs this dispute. (*See* Resp. 3 (referring to the claim as one for "breach of a maritime contract"); *see generally* Mot.; Reply); *see*

*also Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22–23 (2004) ("When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation."). "[F]ederal maritime law includes general principles of contract law." *CITGO Asphalt Ref. Co. v. Frescati Shipping Co.*, 140 S. Ct. 1081, 1088 (2020) (alteration added; citation and quotation marks omitted). To state a breach-of-contract claim under federal maritime law, as here, a plaintiff must set forth sufficient facts showing: "(1) a valid contract; (2) a material breach; and (3) damages." *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1360 (S.D. Fla. 2007), *aff'd*, 308 F. App'x 389 (11th Cir. 2009) (citation omitted).

Regarding these elements, Plaintiff alleges the parties entered into a contract for delivery of Bunkers — the GT&C — on July 5, 2022. (*See* Compl. ¶ 26). Plaintiff further alleges Defendant materially breached the contract by delivering Bunkers that failed to conform to the specifications set forth in the GT&C's Bunker Confirmation. (*See id.* ¶ 29). And, as delineated above, Plaintiff alleges it is entitled to recover a "total sum of $490,575.53." (*Id.* ¶ 34).

Defendant asserts that Plaintiff fails to plead that it complied with its contractual obligations by taking "all available steps . . . in achieving the most cost-effective solution[,]" fails to allege "facts demonstrating it completed a condition precedent by properly submitting a claim[,]" and seeks damages that are barred by the GT&C. (Mot. 4, 7 (alterations added)). In support of its arguments, Defendant points to specific language in the GT&C and extraneous evidence, including emails from Plaintiff's counsel. (*See id.* 7–12).

Plaintiff insists that the Complaint states a "*prima facie* claim for breach of a maritime contract" and that the Motion improperly suggests Plaintiff must go beyond what is required to state a claim for relief. (*See generally* Resp.). Plaintiff further argues that the Court should not look at "extra-complaint" materials at this stage, but even if it does, it should resolve the associated

4

fact issues in Plaintiff's favor. (*Id.* 5–13). The Court agrees with Plaintiff that the Complaint states a plausible claim for relief. The Court addresses each of Defendant's arguments below.

### A. Mitigation Clause in Paragraph 6(g) of the GT&C

Defendant first argues that Plaintiff does not plead sufficient facts to demonstrate that it complied with its contractual duty to take "all reasonable actions to eliminate or minimize any damages or costs associated with off-specification . . . Products" (GT&C ¶ 6(g) (alteration added)), including "all available steps" to "cooperat[e] . . . with [Defendant] in achieving the most cost-effective solution" (Mot. 7 (alterations added; citation and quotation marks omitted)). According to Defendant, Plaintiff's general allegation that it took "all reasonable steps to persuade [its co-Buyer] . . . to consume the off-spec Bunkers" is too conclusory to show that Plaintiff complied with the mitigation clause of Paragraph 6(g) in the contract. (*Id.* (alterations added)).

Under general principles of contract law, the mitigation doctrine provides that "[d]amages which the plaintiff might have avoided with reasonable effort without undue risk, expense, burden, or humiliation will be considered either as not having been caused by the defendant's wrong or as not being chargeable against the defendant." 24 Williston on Contracts § 64:31 (4th ed. 2023) (alteration added; footnote call number omitted); *see also Grupo HGM Tecnologias Submarina, S.A. v. Energy Subsea, LLC*, 566 F. Supp. 3d 1219, 1235 (S.D. Ala. 2021), *aff'd*, No. 22-10425, 2023 WL 242546 (11th Cir. Jan. 18, 2023) ("Mitigation is appropriate where a reasonable person, in light of the known facts and circumstances, would have taken steps to avoid damage." (quotation marks and citation omitted)). Paragraph 6(g) relates to Plaintiff's mitigation obligations; it requires that Plaintiff take "all reasonable actions" to "minimize any damages" in order to recover for a breach. (GT&C ¶ 6(g)). Yet, Defendant is incorrect that Plaintiff is required to demonstrate compliance with Paragraph 6(g)'s mitigation clause to state a claim.

First, even though Defendant has styled its argument as an "attack on the sufficiency" of Plaintiff's Complaint, Defendant's argument that Plaintiff failed to minimize damages is an affirmative defense. *See Slip–N–Slide Records, Inc. v. TVT Records, LLC*, No. 05–Civ–21113, 2007 WL 3232270, at *13 (S.D. Fla. Oct. 31, 2007) (failure to mitigate damages is an affirmative defense). "Plaintiff need not negate affirmative defenses at this stage." *7th St. Assocs., Ltd. v. Gap Stores, Inc.*, No. 19-cv-24438, 2020 WL 13348670, at *2 (S.D. Fla. Apr. 15, 2020) (citation omitted).

Further, mitigation is a fact issue that is "not suitable for resolution at this time." *Tang Cap. Partners, LP. v. BRC Inc.*, No. 22-cv-3476, 2023 WL 2396635, at *19 (S.D.N.Y. Mar. 8, 2023) (citations omitted). To apply the parties' mitigation clause, the factfinder would have to conduct a "reasonable efforts" analysis. (GT&C ¶ 6(g)). It would not be appropriate for the Court to conduct this fact-intensive analysis on a motion to dismiss. *See Emps. Reinsurance Corp. v. Sch. Bd. of Broward Cnty., Fla.*, No. 04-61179-Civ, 2006 WL 8432130, at *5 (S.D. Fla. Jan. 20, 2006) ("[W]hether or not [plaintiff] improperly failed to mitigate [its] damages is a question of fact which this Court will not reach on a motion to dismiss." (alterations added; citations omitted)).

Second, the very fact that the parties proffer competing interpretations of Paragraph 6(g)'s requirements (*compare* Mot. 7–9 *with* Resp. 12–13) indicates that a Rule 12(b)(6) motion is not the procedural mechanism for consideration of Defendant's argument (*see* Resp. 9). Courts should not "engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment" or trial. *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) (quotation marks and citations omitted); *see also Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim.").

Unsurprisingly, Defendant fails to identify any law that supports an approach to the contrary. The one case Defendant cites in its Motion, *Adapt Programs, LLC v. Veritable Billing Services, LLC*, is not analogous. (*See* Mot. 7 (citing No. 20-25161-Civ, 2022 WL 3681953, at *4 (S.D. Fla. Mar. 22, 2022))). In that case, the court found that the plaintiff failed to state a breach-of-contract claim because the plaintiff stated only "vague and conclusory" facts about the defendants' actions that allegedly caused the breach and failed to "identify which provision . . . [d]efendants allegedly breached." *Id.* (alterations added); (*see also* Reply 4–5). Here, the "conclusory" facts Defendant identifies only relate to a possible defense to recovery and solely relate to Plaintiff's conduct. (*See* Mot. 4). Moreover, unlike the complaint in *Adapt Programs*, the Complaint here identifies the exact specifications that Defendant allegedly breached. (*See* Compl. ¶ 11). The Court declines Defendant's invitation to engage in contract interpretation and improper fact-finding.[2]

Third, Plaintiff argues that, under Defendant's interpretation, Paragraph 6(g) would be an unenforceable limited liability provision. (*See* Resp. 13). The Court will not consider the enforceability of a limited liability clause at this stage. *See Noble House, LLC v. Derecktor Fla., Inc.*, No. 20-cv-62438, 2022 WL 19561568, at *4 (S.D. Fla. July 6, 2022). A limitation of liability clause in a maritime contract is only enforceable when the clause (1) clearly states the parties' intentions; (2) it does not "absolve the party of all liability and the liability risk [] still provide[s] a deterrent to negligence[;]" and (3) the parties have "relatively equal bargaining power." *In re*

---

[2] Similarly, the Court does not consider the extraneous emails and testimony that Defendant cites in its attempt to demonstrate Plaintiff's failure to comply with Paragraph 6(g). The Court will not — indeed, cannot — consider extraneous evidence. *See Stork v. Lydian Tr. Co.*, No. 10-80962-Civ, 2010 WL 11558231, at *4 n.1 (S.D. Fla. Nov. 24, 2010) (declining to consider unauthenticated document purporting to be a series of emails at motion-to-dismiss stage); *see also El-Ad Nob Hill Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 11-61301-Civ, 2011 WL 13217516, at *2 (S.D. Fla. Nov. 16, 2011) (noting that "the Court cannot look past the four corners of the complaint and consider evidence attached to the motion").

*Boskalis Westminster Int'l B.V.*, 975 F. Supp. 2d 1238, 1243 (S.D. Fla. 2012) (alterations added; citing *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1324 (11th Cir. 2001); other citation omitted). "This determination is [also] a fact-intensive inquiry that is best addressed at summary judgment." *Noble House, LLC*, 2022 WL 19561568, at *4 (alteration added).[3]

### B. Failure to Complete a Condition Precedent

Next, Defendant argues that Plaintiff fails to state a breach-of-contract claim, because the Complaint does not allege compliance with Paragraph 6(e) of the contract, which establishes a condition precedent requiring "Plaintiff to submit . . . any claim 'in writing within seven (7) calendar days after the date of delivery of the Products.'" (Mot. 10 (emphasis omitted; alteration added)). According to Plaintiff, satisfaction of a condition precedent is a "factual issue[] that cannot be determined by the Court on [a] Motion to Dismiss" (Resp. 9 (alterations added)); moreover, the evidence shows Plaintiff did comply with the condition precedent by sending an email on July 15, 2022 reserving "the right to make a claim once all damages were liquidated" (*id.* 9–10). Again, the Court will not engage in such fact-finding.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). "The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citations omitted).

---

[3] Defendant argues that the *Diesel "Repower"* factors are inapplicable here because "[t]here is no vessel repair contract." (Reply 7 (alteration added)). The case law does not so limit the applicability of the three-factor test. *See, e.g.*, *In re Boskalis Westminster Int'l B.V.*, 975 F. Supp. 2d at 1243 (applying test in the context of considering enforceability of an indemnification provision).

Defendant should know that "[s]atisfaction of conditions precedent . . . is not a matter that is adjudicated on a motion to dismiss." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-Civ, 2008 WL 2490450, at *4 (S.D. Fla. June 18, 2008) (alterations added); *see also Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (denying motion to dismiss where the plaintiff averred in the complaint that "[a]ll conditions precedent to the filing of this action have been satisfied or have occurred" (alteration in original; citation and quotation marks omitted)).

Plaintiff sufficiently alleges compliance with the condition precedent of Paragraph 4(e) of the GT&C. "Although the Complaint does not contain the general allegation that all conditions precedent have been satisfied, it contains specific factual allegations showing that the condition[] precedent [has] been met." *Adventure Eye Video Sys., LLC v. Carnival Corp.*, No. 11-22105-Civ, 2011 WL 13318698, at *2 (S.D. Fla. Nov. 18, 2011) (alterations added). Specifically, Plaintiff alleges "[o]n or about July 15, 2022, [it] notified [Defendant] that it provided off-spec Bunkers." (Compl. ¶ 17 (alterations added)).

Defendant insists this allegation is insufficient because Plaintiff fails to plead "that there was a written claim submitted[.]" (Mot. 7 (alteration added)). By doing so, Defendant demands more than what Rule 9(b) requires of Plaintiff to survive dismissal. *See* Fed. R. Civ. P. 9(b) ("it suffices to allege *generally* that all conditions precedent have occurred or been performed" (emphasis added)). The Court will not address whether Plaintiff *satisfied* the condition precedent on a motion to dismiss. *See MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-20887-Civ, 2021 WL 720339, at *4 n.5 (S.D. Fla. Feb. 4, 2021).

### C. Additional Damages Clauses in Paragraph 6(g) of the GT&C

Defendant's final argument for dismissal is that Plaintiff seeks damages that are not permitted under additional clauses in Paragraph 6(g) of the GT&C. (*See* Mot. 10–12). The GT&C provides that "[i]n the event that the Product is off-specification and cannot be consumed by the Receiving Vessel, Buyer's remedies shall be limited exclusively and solely to the replacement of nonconforming Product by the Seller." (GT&C ¶ 6(g) (alteration added)). It further states that Defendant is not liable for "indirect, special, incidental, exemplary, punitive or consequential damages whether or not foreseeable." (*Id.* (emphasis omitted)). Finally, Defendant points to the clause of Paragraph 6(g) that states: "[i]f Buyer removes the Product from the Receiving Vessel without the express written consent of Seller, then all such removal and related costs shall be solely for Buyer's account." (*Id.* (alteration added)).

As with Defendant's other arguments, the Court declines the invitation to consider these damages arguments, which would require it to engage in contract interpretation and resolve fact issues. (*See* Resp. 9 (arguing that court must resolve "factual issues" to determine the applicability of the clauses limiting damages)); *see also Ben-Yishay*, 553 F. Supp. 2d at 1373; *7th St. Assocs., Ltd.*, 2020 WL 13348670, at *2 (declining to dismiss breach-of-contract claim based on defendant's argument that damages sought were not recoverable under the contract); *Schuler v. Ercole USA, LLC*, No. 23-cv-60127, 2023 WL 3434922, at *2 (S.D. Fla. May 12, 2023) (declining to dismiss breach-of-contract claim based on theory that plaintiff's only option for recovery was "repair and replacement").

In short, Plaintiff alleges Defendant owes a total of $490,575.53 due to losses associated with de-bunkering and selling the off-spec Bunkers, lost hire expenses, and disbursement for the purposes of de-bunkering. (*See* Compl. ¶¶ 33, 34). This is sufficient to plausibly allege damages,

even if "the parties' respective rights, duties and amount of damages" remain to be determined. *Galison v. Fireman's Fund Ins. Co.*, No. 10-81522-Civ, 2011 WL 3419620, at *2 (S.D. Fla. Aug. 4, 2011).

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss **[ECF No. 21]** is **DENIED**. Defendant shall file its answer to the Complaint [ECF No. 1] by **August 10, 2023**.

**DONE AND ORDERED** in Miami, Florida, on the 27th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record