**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
IN ADMIRALTY**

PAN OCEAN CO., LTD.,

       Plaintiff,

vs.

WORLD FUEL SERVICES (SINGAPORE) PTE, LTD.,

       Defendant.

Case No. 23-cv-20014-CMA

**DEFENDANT'S DISCOVERY MEMORANDUM TO COMPEL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, PRODUCTION OF DOCUMENTS REQUESTED IN DEFENDANT'S FIRST REQUEST FOR PRODUCTION, AND PRIVILEGE LOG**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court's Order Referring Certain Matters to Magistrate Judge (ECF No. 15), and the Discovery Procedures for Magistrate Judge Melissa Damian (the "**Procedures**"), Defendant World Fuel Services (Singapore) PTE, Ltd. (**"WFS"**) moves for an order overruling Plaintiff Pan Ocean's objections to certain interrogatories and document requests, compelling Pan Ocean to provide better answers and produce responsive documents and a privilege log containing the information that Local Rule 26.1(e)(2)(B) requires, and awarding attorneys' fees.[1]

I.      INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Pan Ocean chartered a ship called the M/V African Wren (the **"African Wren"**).  Pan Ocean and the shipowner, non-party MUR Shipping BV (**"MUR"**), got into a dispute because the African Wren refused to consume fuel Pan Ocean purchased from Defendant World Fuel Service (**"WFS"**) and delivered by non-party BP Singapore Pte Limited (**"BP"**) in Singapore on July 9, 2022.

MUR claimed the fuel was "off-spec" because it contained elevated levels of sea water. This situation is common in commercial shipping and there are established protocols for dealing with it. But MUR was obstinate. It rejected the recommendations of its own expert Veritas Petroleum Services BV (**"VPS"**) that any excess water or sodium could be treated and that the fuel could be consumed. MUR asked Pan Ocean to de-bunker the fuel in Singapore. Pan Ocean rightly refused, stating: "As [Pan Ocean] have advised [MUR]

---

[1] WFS's first set of interrogatories (the **"Interrogatories"**) and first request for production of documents (the **"Requests"**), served on July 28, 2023, are attached as <u>Exhibits 1 and 2</u>, respectively. Pan Ocean's answers to the Interrogatories (the **"Answers"**) and its responses to the Requests (the **"Responses"**), served on September 15, 2023 after two extensions of time, are attached as <u>Exhibits 3 and 4</u>, respectively.

1

from the outset, the bunkers supplied are capable of being safely consumed and this has been confirmed by BP and [Pan Ocean's] technical team and experts," and therefore "any and all losses arising from the supply of the bunkers could have been avoided entirely as any reasonable Owners would have taken advice (as [Pan Ocean] have done) and consumed the bunkers by taking the above operational steps." In short, Pan Ocean agreed with WFS that the fuel was consumable.

That's a problem for Pan Ocean in this case because the contract between WFS and Pan Ocean fixes responsibility on Pan Ocean and MUR for the refusal to accept consumable fuel. Ignoring this, Pan Ocean seeks damages against WFS for the delivery of "off-spec" fuel.

But its heart is not in it. Pan Ocean has taken no discovery whatsoever and has refused to provide highly relevant, non-privileged communications with MUR and insurers, and has failed to provide a privilege log.

## II.   ARGUMENT

Pan Ocean flouts the Federal Rules of Civil Procedure and this Court's Local Rules and Procedures with "generalized objections asserting [supposed privilege over settlement communications with MUR], attorney-client privilege or work product doctrine [which] do not comply with the Local Rules" and rejurgitation of "boilerplate and generalized objections [which] are improper, meaningless, and without merit." *Mazpule v. Xenios Corp.*, No. 20-24393-CIV, 2021 U.S. Dist. LEXIS 114578, at *2, 4 (S.D. Fla. June 19, 2021); *see also* S.D. Fla. L.R. 26.1(e); Procedures at 2-3.

### A.   Interrogatory No. 9 and Request No. 29: MUR Communications.

Interrogatory No. 9 asked Pan Ocean to "[i]dentify all communications between You and any other party referring to the Bunkers in any way, including the de bunkering/

2

removal thereof from the Vessel and any marine fuels delivered to the Vessel following the de-bunkering/removal of the Bunkers." Exs. 1 and 3 at No. 9. Pan Ocean objected "to the extent that this request seeks privileged settlement communications between Pan Ocean and MUR shipping."[2] Ex. 3 at No. 9. In response to Request No. 29 seeking "all Documents evidencing any recovery, from a third-party and/or MUR, for the losses/damages described in the Complaint," Pan Ocean asserted no objection but stated that it was producing only "responsive non-privileged documents." Ex. 4 at No. 29.

Pan Ocean has the burden of proving any applicable privilege. *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638 (S.D. Fla. 2011) ("The party claiming a privilege has the burden of proving its applicability" and "all of its essential elements."). Pan Ocean has not and cannot satisfy its burden. There is no recognized privilege that might shield Pan Ocean's settlement communications with MUR, a third-party it blames for the losses it seeks to recover against WFS in this case. *See United States ex rel. Cleveland Constr., Inc. v. Stellar Grp., Inc.*, No. 4:16-CV-179(CDL), 2017 U.S. Dist. LEXIS 174600, at *3 (M.D. Ga. Oct. 23, 2017) (declining to grant a protective order and finding "no Eleventh Circuit Court of Appeals decision . . . recognizing a privilege for settlement communications between a party and a non-party"). Moreover, if Pan Ocean has entered into a settlement agreement with MUR or another non-party that contains a confidentiality clause, "a protective order offers a sufficient guarantee of the document's confidentiality." *Wright v. Farouk Sys.*, No. 3:09-CV-92-JTC, 2010 U.S. Dist. LEXIS 154134, at *3 (N.D. Ga. Mar. 24, 2010).

---

[2] In response to this interrogatory, Pan Ocean also claimed that the attorney client privilege or work product doctrine shields communications with its insurers. As discussed in subpart B, *infra*, that objection should be overruled.

3

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**B. Request Nos. 3 and 10: Insurance Communications and Documents.**

In response to Request Nos. 3 and 10 seeking communications and documents exchanged between Pan Ocean and insurers relating to the events described in the Complaint and 14 relevant topics, Pan Ocean stated: "Objection. This request is overbroad, overly burdensome, and seeks documents protected by the attorney client and work product privileges." Ex. 4 at Nos. 3 and 10.

Pan Ocean's "[b]lanket, unsupported objections that the discovery request is '. . . overly broad, or unduly burdensome' are, by themselves meaningless, and shall be disregard by the Court." Prodcedures at 2. Pan Ocean also has not and cannot satisfy its burden of demonstrating that communications and documents exchanged with its insurers are protected from disclosure. Such documents might well show that MUR made a demand to Pan Ocean and, if so, reveal Pan Ocean's position on the demand with respect to any insurance policy, which could well be at odds with the position it is taking in this case. There is nothing privileged about such documents, and, if they exist, they would be highly relevant. If they don't exist, it is easy enough to say that. The fact that Pan Ocean feebly interposed an objection instead of denying that such documents exist suggests that responsive and potentially probative documents do, in fact, exist. Pan Ocean must produce them.

**C. The Court Should Compel Pan Ocean to Provide a Privilege Log.**

Local Rule 26.1(e)(2)(D) requires that a party serve a privilege log "no later than fourteen (14) days following service of: (i) any interrogatory response or document production from which some information or documents are withheld on the basis of such privilege or protection...." Pan Ocean served its interrogatory answers and produced

4

documents on September 15, 2023, and has yet to serve a privilege log. On October 3, 2023, four days after the deadline had expired, Pan Ocean said, "a privilege[] log should be served on WFS in the near future." Pan Ocean's failure to timely provide a privilege log that identifies the requisite information should result in a waiver of any claimed privilege. *See Mazpule*, 2021 U.S. Dist. LEXIS 114578, at *3-4; *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68, n.7 (S.D.N.Y. 2014) (collecting cases and noting that imposing waiver, rather than some lesser penalty, is the appropriate remedy when a party has failed to provide timely privilege logs).

### III.     CONCLUSION

For all the foregoing reasons, WFS requests that the Court enter an order compelling Pan Ocean to provide a complete answer to Interrogatory No. 9, produce the documents requested herein, and provide a privilege log, awarding WFS its reasonable attorneys' fees incurred in connection with this Motion, and awarding such other and further relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for movant has conferred with counsel for Pan Ocean in a good faith effort to resolve the issues raised in the Motion but was unable to resolve the issues. Specifically, prior to filing the instant Motion, WFS's counsel and Pan Ocean's counsel exchanged letters and emails on September 19-20 and 27-29, and October 3, 2023.

Date: October 6, 2023

                                                                Respectfully submitted:



Attorneys for Defendant
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

By:  */s/Andrew Vitali, III*
     Kevin P. Jacobs, Esq.
     Email: kjacobs@homerbonner.com
     Florida Bar No. 169821
     Andrew Vitali, III, Esq.
     Email: avitali@homerbonner.com
     Florida Bar No. 57828