UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 1:23-cv-20014-CMA

PAN OCEAN CO., LTD.

    Plaintiff,

vs.

WORLD FUEL SERVICES (SINGAPORE) PTE, LTD.,

    Defendant

                                                    /

## **PLAINTIFF'S DISCOVERY MEMORANDUM FOR PROTECTIVE ORDER AS TO THE DEPOSITION OF PLAINTIFF**

COMES NOW, Plaintiff, Pan Ocean Co., Ltd., by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26, and provides a memorandum supporting a protective order as to the deposition of Plaintiff, and in support thereof states as follows:

1. Without any attempt to schedule the deposition of Plaintiff, Defendant unilaterally set Plaintiff's deposition to take place on October 18, 2023. See Defendant's Notice of Taking Deposition of Plaintiff attached hereto as **Exhibit A.**

2. On October 18, 2023, the undersigned was advised by Plaintiff that its corporate representative would be unable to attend the unilaterally scheduled

deposition because the corporate representative would be out on paternity leave until October 17, 2023.

3. Given that Defendant's unilaterally scheduled deposition date of Plaintiff would not allow Plaintiff's corporate representative adequate time to prepare for Plaintiff's deposition following his return from paternity leave, the undersigned requested that Plaintiff's deposition be rescheduled to the week of October 23, 2023, and that it be conducted via zoom since the representative is physically located in Seoul, South Korea.

4. Defendant objected to the request for a brief one-week extension and for the deposition to be taken via zoom.

5. Plaintiff respectfully requests that this Court overrule Defendant's objection and enter an order for Plaintiff's deposition to take place during the week of October 23, 2023, via zoom.

## **MEMORANDUM OF LAW**

This court should enter a protective order for Plaintiff's deposition to take place during the week of October 23, 2023, as the Southern District of Florida has held that there is good cause for a protective order when a party has unilaterally scheduled another party's deposition and the scheduling party has refused to reschedule that deposition to a date that the deponent is available.

The issue with the practice of unilaterally scheduling depositions is best explained in *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). In *Karakis,* a deponent did not appear for a unilaterally scheduled deposition. *Id.* Before the deposition, the deponent indicated to the plaintiff's counsel that he would be unavailable due to scheduling conflicts and requested that the deposition be rescheduled at a mutually convenient time. *Id.* The Court found that the unilateral scheduling of depositions was a serious concern and that the practice often leads to unnecessary motions and a waste of everyone's time:

> The Court views with concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of scare judicial resources.

*Id.*

In relying on the reasoning in *Karakis*, the Southern District of Florida in *Chavez v. Arancedo*, No. 17-20003-CIV, 2017 WL 3025841, at *4 (S.D. Fla. July 17, 2017), granted a defendant's protection order where the plaintiff unilaterally set the defendant's deposition for June 13, 2017 even though the plaintiff understood that the defendant would be unavailable to attend and the plaintiff refused to set the

date for the defendant's deposition on June 15, 2017, or on another date when the defendant indicated that she would be available, stating as follows:

> By failing to reach an appropriate compromise on the scheduling of Defendant's deposition, Defendant filed a motion for Protective Order and Plaintiff filed a corresponding motion for sanctions—both of which have resulted in waste of the parties' time and the Court's judicial resources. Both motions could have been easily resolved between the parties. And contrary to Plaintiff's assertions, Defendant never refused to appear for a deposition. Defendant merely offered June 15, 2017 as an available deposition date, including any date between August 25 and September 5, 2015, or any date after September 22, 2017. Plaintiff simply did not appreciate Defendant's response and unilaterally scheduled Defendant's deposition for a date that Defendant would obviously not appear. As a result, Plaintiff accumulated unnecessary costs for a court reporter and translator when Plaintiff knew that Defendant would not attend.
>
> . . .
>
> In any event, the parties are directed to strictly comply with both the Federal and Local Rules in scheduling depositions and to accommodate the calendars of opposing lawyers. Because Defendant (1) attempted to accommodate Plaintiff's demands for a deposition date, (2) carefully explained to Plaintiff that June 13, 2017 was not an available date, and (3) Plaintiff went ahead and unilaterally noticed Defendant's deposition anyway, we find that there is good cause supporting Defendant's Motion for Protective Order.

*Id.*

Here, Plaintiff has demonstrated good cause for a protective order because Defendant has unilaterally set Plaintiff's deposition to a time to which Plaintiff is

unavailable and Defendant has refused to reset the deposition only one week later to a mutually agreeable time. Accordingly, Plaintiff respectfully requests that this Court enter a protective order, requiring that Plaintiff's deposition be set for a mutually agreeable time and date during the week of October 23, 2023. Notably, this order will not conflict with the discovery deadline in this case as the parties have agreed to extend the discovery deadline to November 3, 2023. *See* D.E. 37.

Next, this Court's protective order should also allow Plaintiff's deposition to take place over zoom. While "the general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum" *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005), "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition [or examination]."*Morgan v. Ferguson*, No. 22-CV-10035, 2022 WL 17736227, at *2 (S.D. Fla. Dec. 16, 2022) (quoting *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988)). "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Hogue v. McHugh*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012). In other words, "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition [or examination] in the forum may yield to the exigencies of

the particular case.'" *Morgan v. Ferguson*, 2022 WL 17736227, at *2 (S.D. Fla. Dec. 16, 2022) (quoting *Dude v. Congress Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018).

Here, Plaintiff's principal place of business is in Seoul, South Korea, which is where Plaintiff's corporate representative resides. Therefore, Defendant's demand that the deposition take place in the Southern District of Florida will create hardship for Plaintiff by forcing a newly minted father to travel from Seoul, South Korea to Florida for a deposition when that deposition could just as easily be taken via video conference.

A remote deposition is also consistent with the Parties' Joint Scheduling Report, which contemplates the hardship caused by these proceedings taking place on the other side of the world from where Plaintiff's principal place of business is located. Specifically, the Joint Scheduling Report reserves the right for witness testimony to be taken by remote video, stating that "[t]he parties also wish to explore the possibility of presenting witness testimony by remote video." *See* D.E. 14.

Further, while Plaintiff chose to bring this suit, it was forced to do so in this forum. The contract drafted by Defendant under which Plaintiff now sues contained a forum selection clause for the Southern District of Florida. Absent this forum selection clause, Plaintiff would have brought suit in a forum much closer to

Plaintiff's principal place of business, Singapore, as Defendant's breach of supplying Plaintiff off spec bunkers occurred in Singapore.

Accordingly, because Plaintiff will face undue hardship if the deposition of Plaintiff takes place in person in the Southern District of Florida, Plaintiff respectfully requests that this court enter an order permitting the deposition of Plaintiff to take place via zoom.

WHEREFORE, Plaintiff respectfully requests that this Court overrule Defendant's objection and enter an order for Plaintiff's deposition to take place during the week of October 23, 2023, via zoom.

### Local Rules 7.1(a)(3) Certification

The undersigned certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Defendant opposes the relief requested.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Eric C. Thiel
Eric C. Thiel, Esquire
Florida Bar No.: 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-ethiel@bankerlopez.com
Attorney for Plaintiff