UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 1:23-cv-20014-CMA

PAN OCEAN CO., LTD.

    Plaintiff,

vs.

WORLD FUEL SERVICES (SINGAPORE)
PTE, LTD.,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S EXPEDITED MOTION FOR ORDER REQUIRING PLAINTIFF TO COMPLY WITH THE COURT'S ORDER

COMES NOW, the Plaintiff, Pan Ocean Co., LTD. ("Pan Ocean"), pursuant to this Court's Order dated October 19, 2023 (ECF 49) and in response to Defendant World Fuel Services (Singapore) PTE, LTD.'s ("WFS") Expedited Motion for Order Requiring Plaintiff to Comply with the Court's October 13, 2023 Order By 12:00 p.m. on October 20, 2023 (ECF 48) and responds as follows:

1. The parties attended a hearing at 4pm on October 12, 2023, on the Defendant's Motion to Compel as well as the Plaintiff's Motion for Protective Order concerning a unilaterally scheduled deposition of Pan Ocean's Corporate Representative. The hearing lasted 47 minutes and covered a large range of detailed

issues concerning this unique claim (ECF 42). The Court entered an Order following the discovery hearing at 5:50 p.m. on Friday, October 13, 2023 (ECF 46). Notably, WFS did not ask the Court, either in its motion or during the hearing, for a date that Pan Ocean be required to comply, and the Order did not specify any time for Plaintiff to Comply with the Order.

2.  As discussed at length in the hearing, Plaintiff sought a protective order to reschedule the deposition of its corporate representative to either be held remotely or to reschedule it due to the unavailability of Plaintiff's designated representative due to paternity leave and a scheduled return to work on October 17, 2023 (Korean Time). WFS was well aware that Pan Ocean's representative was not returning to work before October 17, and therefore any expectation that it would receive a response, without even asking the Court to order a response date, is manifestly unreasonable.

3.  Notwithstanding WFS's failure to ask the Court to specify a date to comply with the order, the undersigned immediately contacted his client seeking clarification on discovery issues discussed during the hearing as well as seeking to confirm the representative's ability to make travel arrangements from Seoul, Korea to attend the deposition in person in Miami. As expected, confirmation was not received until October 17 (two days ago), and Pan Ocean advised WFS that the deposition was confirmed.

4. With regard to amending or supplementing the discovery responses in accordance with this Court's order, further conferences were required between the undersigned and Pan Ocean and its attorneys. Yesterday, the conference was set for today (after this response is filed). The undersigned is also seeking clarification on the amended supplemental responses from Pan Ocean's UK based attorneys.

5. As set forth above, Plaintiff has been working diligently to supplement or amend its discovery responses in accordance with this Court's order. Despite WFS' conclusory statement, there has not been any failure to comply. Furthermore, Plaintiff does not view Court Orders as optional, therefore no confirmation that Pan Ocean was going to comply with the Court order is required. The Court entered the Order and Plaintiff will comply with the Order.

6. As there is no date specified in the Order for Plaintiff to comply, there cannot be, and there has not been, any failure to comply with the Order, especially since it was entered just over 7 days ago. WFS cannot unilaterally declare a date for compliance, especially when it did not ask the Court to set a date in its motion or during the hearing – that is squarely within this Court's discretion. Accordingly, Plaintiff's Motion should be denied since there has been no disregard or failure to comply with the Court's October 13, 2023, Order.

7. Plaintiff submits that clarification of the Order setting a date when compliance is required would benefit both parties. Plaintiff submits that 14 days from the date of the hearing is reasonable under the circumstances.

8. Finally, since there has been no failure to comply with its Court's Order, nor any thought of doing so. Defendant's Motion seeking attorneys' fees should be denied.

Respectfully Submitted,

Eric Thiel, Esq. (FBN 016267)
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: 813-221-1500
Fax: 813-222-3066
Email: service-ethiel@bankerlopez.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Eric C. Thiel, Esquire